IN THE SUPREME COURT OF TENNESSEE

AT JACKSON

HEARD IN DYERSBURG

| | | |
|---|---|---|
| VICTOR JAMES CAZES | ) | FOR PUBLICATION |
| | ) | |
| Appellant | ) | FILED: OCTOBER 26, 1998 |
| | ) | |
| v. | ) | SHELBY COUNTY |
| | ) | |
| STATE OF TENNESSEE | ) | HON. L. T. LAFFERTY, JUDGE |
| | ) | |
| Appellee | ) | NO. 02-S-01-9707-CR-00064 |

FILED

October 26, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

For Appellant:                    For Appellee:

PETER D. HEIL                     JOHN KNOX WALKUP
Nashville, TN                     Attorney General and Reporter

                                  MICHAEL E. MOORE
                                  Solicitor General

                                  ELIZABETH T. RYAN
                                  Assistant Attorney General
                                  Nashville, TN

                                  WILLIAM L. GIBBONS
                                  District Attorney General

                                  JOHN W. CAMPBELL
                                  Assistant District Attorney General
                                  Memphis, TN

OPINION

AFFIRMED                                              BIRCH, J.

We granted Victor James Cazes's application for permission to appeal, pursuant to Tenn. R. App. P. 11,[1] to determine whether the dismissal with prejudice of a post-conviction petition bars consideration of a subsequent one. We conclude that the dismissal with prejudice compels dismissal of a later petition that is predicated on grounds in existence prior to the dismissal of the former petition.

The appellant was convicted of aggravated rape, assault with intent to commit first-degree murder, and second-degree burglary. The Court of Criminal Appeals affirmed the convictions, and we denied permission to appeal on August 5, 1991.

The petition before us is the appellant's fourth. The trial court permitted him to withdraw the first two petitions without prejudice. When, however, he requested permission to withdraw the third petition, the trial court held a hearing and explained to Cazes that he could not regard his petition in such a whimsical or cavalier manner. While acting abusively toward the trial court and his counsel, Cazes demanded that the trial court permit withdrawal of the petition. Consequently, the trial court dismissed the third petition with prejudice.

On motion by the State, the trial court also dismissed the present petition, the appellant's fourth. The court based the

---

[1]Oral argument was heard in this case on March 4, 1998, in Dyersburg, Dyer County, Tennessee, as part of this Court's S.C.A.L.E.S. (Supreme Court Advancing Legal Education for Students) project.

dismissal, in part, on the fact that the third petition was dismissed with prejudice. The court also found that several issues were either waived or previously determined under Tenn. Code Ann. § 40-30-112 (1990) (repealed). The Court of Criminal Appeals affirmed, holding that "[t]he dismissal of the appellant's prior suit with prejudice effectively ended the appellant's right to file additional suits for post-conviction relief predicated upon grounds occurring prior to the time of the dismissal." Whether the prior dismissal with prejudice compels the dismissal of the present petition is a question of law which we review *de novo*. <u>See</u> <u>State v. Davis</u>, 940 S.W.2d 558, 561 (Tenn. 1997).

This case is governed by the now-repealed Post-Conviction Procedure Act, Tenn. Code Ann. § 40-30-101 <u>et seq.</u> (1990).[2] Under Tenn. Code Ann. § 40-30-115(a) (1990) (repealed), the trial court may permit a petitioner to withdraw a post-conviction petition at any time prior to entry of judgment. Therefore, the permitted withdrawal of a post-conviction petition does not necessarily preclude the later filing of another petition for post-conviction relief. <u>Williams v. State</u>, 831 S.W.2d 281, 282 (Tenn. 1992) ("A defendant who, <u>with leave of court</u>, voluntarily withdraws a post-conviction petition may later reinstitute that petition or

---

[2]The Post-Conviction Procedure Act of 1995, Tenn. Code Ann. § 40-30-201 <u>et seq.</u>, has replaced the old Act. Tennessee Code Annotated § 40-30-209(c) (1997) provides that a petitioner may withdraw a petition at any time prior to the hearing <u>without prejudice to any rights to refile</u>. In addition, petitioners are now limited by a shorter statute of limitations, which provides one year after final action is taken on a case for the filing of post-conviction petitions. Tenn. Code Ann. § 40-30-202(a) (1997). These provisions appear to preclude the issue in this case from occurring under the new law.

substitute a new petition for it, without fear of being denied adjudication on the merits." (emphasis added)); <u>Albert v. State</u>, 813 S.W.2d 426, 427-28 (Tenn. 1991).

However, the right to file and withdraw post-conviction petitions is limited:

> If, for example, the trial judge discerns that a litigant is abusing the post-conviction process by filing successive petitions and seeking repeated withdrawals, or is otherwise acting in bad faith, dismissal of the action for failure to prosecute, with prejudice to the appellant's right to refile the petition, would be proper.

<u>Williams</u>, 831 S.W.2d at 283. Thus, while trial courts have authority under Tenn. Code Ann. § 40-30-115(a) to permit withdrawal without penalty, that statute does not require courts to suffer interminable bad faith conduct. The implication in <u>Williams</u> is that a post-conviction petition may be barred where a prior petition was dismissed with prejudice or where the petitioner acted in bad faith.

Today we hold what in <u>Williams</u> we implied: the dismissal with prejudice of a post-conviction petition will bar any subsequent petition for post-conviction relief predicated on grounds in existence prior to the dismissal.[3] The rationale is simple: post-conviction relief is a statutory remedy offered by

---

[3]By this ruling we do not intend to foreclose relief allowable under the due process clauses of the state and federal constitutions. <u>See</u>, <u>e.g.</u>, <u>Burford v. State</u>, 845 S.W.2d 204, 207 (Tenn. 1992).

the legislature; it is not a constitutional right.  Those who abuse the process cannot be heard to complain when access to the remedy is denied.

Applying these criteria here, we find that the petition before us does not raise any new issue.  Instead, the issues were either previously raised or could have been raised.  Consideration of this post-conviction petition is therefore barred.  Because this issue is dispositive, we see no reason to address the merits of the petition.  Accordingly, we affirm the judgment of the Court of Criminal Appeals and the petition is dismissed.

_____
ADOLPHO A. BIRCH, JR., Justice

CONCUR:

Anderson, C.J.
Drowota, Holder, JJ.