IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

JUNE 1999 SESSION

FILED

August 27, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| BILLY WAYNE LESLIE, | ) | |
| | ) | |
| Appellant, | ) | No. 01C01-9806-CR-00242 |
| | ) | |
| | ) | Davidson County |
| v. | ) | |
| | ) | Hon. Seth Norman, Judge |
| | ) | |
| STATE OF TENNESSEE, | ) | (Post-Conviction) |
| | ) | |
| Appellee. | ) | |

**DISSENTING OPINION**

I respectfully disagree with the majority opinion's conclusion that the petitioner was no longer entitled to an attorney because of his abuse of the post-conviction process. First, I do not believe that the record shows the petitioner's abuse of process. Second, I do not believe that the trial court provided the petitioner with an adequate hearing regarding the attorneys' motions to withdraw or an adequate post-conviction hearing.

The initial concern I have relates to whether or not there was a full understanding by the participants as to the duties and authority of an attorney for a post-conviction petitioner. Our supreme court has stated the basic obligations of a post-conviction attorney in Rule 28, § 6(c)(2), Tenn. S. Ct. R.:

> Appointed or retained counsel shall be required to review the
> pro se petition, file an amended petition asserting other claims
> which petitioner <u>arguably has</u> or a written notice that no
> amended petition will be filed, <u>interview relevant witnesses,</u>
> including petitioner and prior counsel, and <u>diligently investigate</u>
> <u>and present all reasonable claims</u>.

(emphasis added). Also, counsel should file a certification affirming that the attorney has discussed the possible constitutional violations with the petitioner and has raised all non-frivolous constitutional grounds. See Tenn. S. Ct. R. 28, § 6 (C)(3), Appendix C.

These provisions in support of the 1995 Post-Conviction Procedure Act focus upon ensuring that all potential grounds for relief that a petitioner may have will be aired fully and fairly in one proceeding and decided upon their merits. See Martucci v. State, 872 S.W.2d 947, 949 (Tenn. Crim. App. 1993) (noting that "[t]he concept behind post-conviction petitions. . . is that all claims of constitutional rights deprivations in the conviction or sentencing process be addressed in one petition."). The Post-Conviction Act provides counsel within this context. That is, the provision of counsel is meant to assist in ensuring that all available grounds for relief are fully aired at one time and not to obstruct such an airing.

On the other hand, when a petitioner seeks and obtains the aid of counsel through court appointment, the petitioner needs to understand that the right to make the large majority of the decisions relating to the conduct of the case then rests with the attorney. With respect to the role of counsel at post-conviction proceedings, the American Bar Association's Standards for Criminal Justice provide that "the responsibility of a lawyer in a post-conviction proceeding should be guided generally by the standards governing the conduct of lawyers in criminal cases." ABA Standards for Criminal Justice, Defense Function, Defense Function Standard 4-8.5 (3d ed. 1993). With respect to general decisions regarding the control and direction of criminal cases, the ABA Standards provide the following:

> (a) Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel include:
>
> (i) what pleas to enter;
> (ii) whether to accept a plea agreement;
> (iii) whether to waive jury trial;

2

(iv) whether to testify in his or her own behalf; and
(v) whether to appeal.

(b) Strategic and tactical decisions should be made by defense counsel after consultation with the client where feasible and appropriate. Such decisions include what witnesses to call, whether and how to conduct cross-examination, what jurors to accept or strike, what trial motions should be made, and what evidence should be introduced.

(c) If a disagreement on significant matters of tactics or strategy arises between defense counsel and the client, defense counsel should make a record of the circumstances, counsel's advice and reasons, and the conclusion reached. The record should be made in a way which protects the confidentiality of the lawyer-client relationship.

Defense Function Standard 4-5.2.

In other words, although the attorney is obligated to ensure that all arguable grounds for relief are raised and investigated and that all reasonable grounds are ultimately presented, the attorney need not raise, investigate, or present frivolous or groundless claims. Also, the attorney must reasonably consult with the client, but the attorney has the right to make strategic and tactical decisions. This means that no matter how strident the client in demanding a particular investigation, demanding a particular claim be raised at the hearing, or calling for certain witnesses, those decisions remain with the attorney in his or her professional judgment.

When I consider the above principles and the professional obligations of attorneys, I do not believe that the attorneys' motions in the present case justify, by themselves, the right to withdraw. The second attorney's only assertion was that "during the course of my representation, the client has insisted that I pursue or present claims that cannot be supported by good faith argument." However, the fact that the petitioner insists in such a manner does not mean that the attorney had to do anything improper.

3

The third attorney sought to withdraw because:

> the Petitioner insists upon a hearing strategy that [counsel] is unable to conduct in good faith and that Petitioner repeatedly makes unreasonable demands upon appointed counsel as to how his case should be presented. For example, the Petitioner insists that appointed counsel subpoena over 37 witnesses, introduce about a dozen affidavits, conduct a thorough background check on the victim, including credit and military history and telephone records, ask[] for funds to obtain experts for blood and fiber tests, obtain and send to him trial exhibits and prosecution files, obtain blood test results from California, as well as other investigative and legal inquiries.

The attorney also asserts that the petitioner claimed that the attorney was violating the petitioner's constitutional rights by not acting upon the petitioner's demands. The attorney states that the petitioner will not be satisfied with him and will call his representation a sham. Finally, the attorney "foresees subsequent complaints against him to disciplinary boards or the Courts, which, although frivolous, will require time, energy, and anxiety to address." Again, within the context of the attorney's professional obligations and duties under the Post-Conviction Act and Rules, the attorney need not accede to the petitioner's demands that relate to how the case should be conducted. That is, the fact that the petitioner is making demands does not prevent the attorney from meeting his professional responsibilities in representing the petitioner.

Attorneys who are appointed to represent post-conviction petitioners provide substantial benefits to our system of justice. This is partly because they are burdened with special obligations that result from appointment. They cannot pick and choose their appointed clients nor can they freely decide to cease representation of a difficult client as retained counsel might be able to do in many areas of the law. The system needs appointed attorneys to deal with poorly drafted pro se documents, inaccurate allegations, and unhappy petitioners who are often seeking freedom from prison by whatever means they can find. Moreover, once the attorneys are appointed, their profession requires it of them.

I acknowledge that a petitioner's conduct can result in a loss of the statutory right to counsel in a post-conviction case. However, I do not believe that the record in the present case shows such conduct. In this respect, the present case is substantially different from Cazes v. State, 980 S.W.2d 364 (Tenn. 1998), upon which the majority opinion relies in holding that the petitioner abused the process so as to deny him access to counsel. In Cazes, the petitioner filed successive post-conviction petitions which the trial court allowed him to withdraw. When the petitioner filed a third petition and again demanded withdrawal, the trial court refused and dismissed the petition with prejudice. The petitioner filed a fourth petition which was also dismissed upon the state's motion. On appeal, the Tennessee Supreme Court held that those "who abuse the process cannot be heard to complain when access to the remedy is denied." 980 S.W.2d at 365. In the present case, the record does not reflect that the petitioner sought the removal of his attorneys; rather, the attorneys sought to withdraw. No evidence exists in the record to show that the petitioner abused the judicial process.

Also, I believe that it is significant that none of the attorneys filed an amendment to the petitioner's pro se petition nor did they file a written notice that no amended petition would be filed. The trial court should have made further inquiry relative to counsel's actions and the petitioner's demands before allowing counsel to withdraw.

Moreover, I believe that the trial court should not have required the petitioner to proceed to hearing as his own counsel only thirteen days after the third attorney was allowed to withdraw. The record indicates that little, if anything, had been done by counsel on the petitioner's behalf. Needless to say, the imprisoned petitioner had little capability in such short time to prepare for the hearing. In this respect, I do not believe that the petitioner has had a legitimate opportunity for a full and fair hearing on his post-conviction claims.

5

In consideration of the foregoing, I dissent from the majority opinion. I would reverse the dismissal and remand the case to the trial court with the appointment of counsel for the petitioner's further opportunity to pursue his post-conviction claims.

_____
Joseph M. Tipton, Judge