# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### JUNE 1999 SESSION

FILED

August 27, 1999

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| BILLY WAYNE LESLIE, | ) | |
| | ) | NO. 01C01-9806-CR-00242 |
| Appellant, | ) | |
| | ) | DAVIDSON COUNTY |
| VS. | ) | |
| | ) | HON. SETH NORMAN, |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (Post-Conviction) |

**FOR THE APPELLANT:**

**BILLY W. LESLIE, Pro Se**
N.W.C.X., Site 2
Route 1, Box 660
Tiptonville, TN 38079

**FOR THE APPELLEE:**

**MICHAEL E. MOORE**
Solicitor General

**ELIZABETH B. MARNEY**
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN 37243-0493

**VICTOR S. JOHNSON III**
District Attorney General

**JOHN C. ZIMMERMANN**
Assistant District Attorney General
Washington Square
222 - 2nd Avenue North, Suite 500
Nashville, TN 37201-1649

**OPINION FILED:** _____

**AFFIRMED**

**JOE G. RILEY,**
**JUDGE**

**OPINION**

Petitioner appeals the dismissal of his combined petitions for writ of *error coram nobis* and post-conviction relief. The sole issue for our review is whether the trial court erred in failing to appoint counsel for the evidentiary hearing. The trial court had appointed three different attorneys to represent petitioner. In each case, the attorney requested and was granted permission to withdraw as a result of petitioner's lack of cooperation and unreasonable demands. Upon allowing the third attorney to withdraw, the trial court declined to appoint another attorney and set the matter for a subsequent hearing on the merits. Petitioner failed to present any evidence in support of the petitions on that date, and the trial court dismissed them. We conclude the trial court did not err and **AFFIRM** the dismissal of the petitions.

**BACKGROUND**

A Davidson County jury convicted petitioner of first degree murder on September 13, 1991, and sentenced him to life imprisonment. This Court affirmed the conviction, *see* State v. Billy Wayne Leslie, C.C.A. No. 01C01-9203-CR-00081, Davidson County (Tenn Crim. App. filed September 24, 1993, at Nashville), and the Tennessee Supreme Court denied permission to appeal on February 22, 1994.

Petitioner filed a *pro se* petition for writ of *error coram nobis* in February 1995, and the trial court appointed counsel, Mark Fishburn, to represent him. The trial court subsequently permitted Fishburn to withdraw from representation due to a "fractured relationship" with petitioner.

The court then appointed Marty Szeigis to represent petitioner. A petition for post-conviction relief was filed on petitioner's behalf in May 1996, which the trial court combined with the petition for writ of *error coram nobis* for purposes of these proceedings. In November 1996, the trial court permitted Szeigis to withdraw from

2

representation due to the "acrimonious relationship" with petitioner evidenced by petitioner's insistence that counsel "pursue . . . claims that cannot be supported by good faith argument."

In an unusual move, the trial court tried to avoid yet another fruitless appointment by allowing petitioner to interview three attorneys and choose the one he found most suitable. Petitioner chose attorney Thomas Bloom, and the court appointed Bloom in January 1997. In September 1997, Bloom filed a motion to withdraw as counsel citing irreconcilable differences with petitioner:

> For cause, Mr. Bloom would show the Court that the Petitioner insists upon a hearing strategy that Mr. Bloom is unable to conduct in good faith and that Petitioner repeatedly makes unreasonable demands upon appointed counsel as to how his case should be presented. For example, the Petitioner insists that appointed counsel subpoena over thirty-seven witnesses, introduce about a dozen affidavits, conduct a thorough background check on the victim, including credit and military history and telephone records, ask for funds to obtain experts for blood and fiber tests, obtain and send to him trial exhibits and prosecution files, obtain blood test results from California, as well as other investigative and legal inquiries.

> Petitioner's attorney will not be able to represent Petitioner in a manner which will give the Petitioner any satisfaction and Petitioner's attorney will necessarily be cast in the position of fighting the Petitioner as well as the State, and will certainly give the Petitioner the impression that appointed counsel is on the State's side rather than his. Moreover, Petitioner has informed counsel that counsel is violating his constitutional rights if counsel does not act upon Petitioner's demands.

On November 12, 1997, the trial court relieved Bloom of representation in the petitioner's presence:

> THE COURT: I am going to relieve Mr. Bloom, and I'm not going to give you a lawyer, sir. I am going to allow you to proceed by yourself. I will set this matter for a hearing . . . November the 25th. It will be set to be heard on that day.
> . . .

On November 25, 1997, petitioner informed the trial court that he was unprepared to proceed and requested appointment of yet another attorney. The

3

trial court denied the request and dismissed the petitions when petitioner failed to present any evidence. The order of dismissal stated: "Based on the defendant's willful and intentional conduct necessitating the dismissal of his three prior attorneys . . . this Court declines to appoint yet another attorney at state expense to represent Mr. Leslie."

## LEGAL AUTHORITIES

The sole issue in this appeal is whether the trial court erred "in denying the petitioner the assistance of counsel in his post-conviction evidentiary hearing." Petitioner claims that the trial court's dismissal of his petitions was improper in light of its refusal to appoint another attorney to represent him. We disagree.

"[P]ost-conviction relief is a statutory remedy offered by the legislature; it is not a constitutional right." Cazes v. State, 980 S.W.2d 364, 365 (Tenn. 1998). Furthermore, there is no constitutional right to counsel in post-conviction proceedings. House v. State, 911 S.W.2d 705, 712 (Tenn. 1995)(citing Murray v. Giarratano, 492 U.S. 1, 10, 109 S.Ct. 2765, 2770, 106 L.Ed.2d 1 (1989)). The right of an indigent petitioner to the appointment of counsel is statutory. Tenn. Code Ann. § 40-30-207(b)(1); see also Tenn. Sup. Ct. Rules, Rule 28, § 6(B)(3)(a). A petitioner who abuses the process cannot be heard to complain when he is denied access to the statutory remedy of post-conviction relief. Cazes, 980 S.W.2d at 365.

## DISPOSITION

The trial court found that the petitioner's "willful and intentional conduct" necessitated the dismissal of his three appointed attorneys. The trial court further noted petitioner's "voluntary conduct in disrupting the orderly progress and litigation of these petitions." The trial court was in a better position than this Court to make these determinations. After dismissal of the first two attorneys, the trial court went

4

to the unnecessary and generous extreme of allowing petitioner to "interview" three separate attorneys and choose one. There is nothing to indicate that the appointment of yet a fourth attorney would have yielded a different result.

It appears petitioner abused the post-conviction process; thus, he may not be heard to complain. <u>Cazes</u>, 980 S.W.2d at 365. The trial court's refusal to appoint another attorney was not error.

The trial court's dismissal of the petitions is **AFFIRMED**.

_____
**JOE G. RILEY, JUDGE**

**CONCUR:**

_____
**JOSEPH M. TIPTON, JUDGE**

_____
**ALAN E. GLENN, JUDGE**