# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

Assigned on Briefs December 7, 2010

## TORIAN DILLARD v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 03-01405     James M. Lammey, Jr., Judge

**No. W2010-00306-CCA-R3-PC  - Filed March 1, 2011**

The petitioner, Torian Dillard, appeals the post-conviction court's dismissal of his petition for post-conviction relief for failure to prosecute, arguing that the court abused its discretion by not appointing new counsel after the petitioner's appointed counsel was allowed to withdraw and by requiring the petitioner to proceed with his petition *pro se*. Following our review, we affirm the post-conviction court's dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

Torian Dillard, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Senior Counsel; William L. Gibbons, District Attorney General; and Lorrie Fowler, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

In 2004, the petitioner was convicted by a Shelby County Criminal Court jury of attempted first degree murder, reckless endangerment with a deadly weapon, and being a convicted felon in possession of a handgun and was sentenced by the trial court to an effective term of fifty-two years in the Department of Correction. State v. Torian Dillard, No. W2005-00152-CCA-R3-CD, 2006 WL 1044087, at *1 (Tenn. Crim. App. Apr. 19, 2006), perm. to appeal denied (Tenn. Sept. 5, 2006). Our direct appeal opinion reveals that the convictions were based on a February 10, 2003, incident in which the petitioner fired a

gunshot directly at his estranged girlfriend as she waited in her vehicle to pick up her children from school, causing the driver's side window to shatter and fall on the girlfriend's infant daughter and a bullet to graze the back of the girlfriend's head. Id. The opinion further reveals that the petitioner sent several bizarre and threatening letters to the victim while in jail awaiting trial in the case. Id. at *4-6.

On March 19, 2007, the petitioner filed a timely petition for post-conviction relief in which he raised claims of ineffective assistance of counsel, prosecutorial misconduct, and "abuse of judicial discretion." Post-conviction counsel was appointed on May 3, 2007, and an amended petition was filed on September 4, 2008. Thereafter, multiple continuances and delays occurred in the case, with most of them apparently caused by the petitioner. Finally, on January 20, 2010, the post-conviction court entered an order dismissing the petition for failure to prosecute due to the petitioner's willful and purposeful refusal to proceed with the case. On February 3, 2010, the petitioner filed a timely notice of appeal of the post-conviction court's order.

## **ANALYSIS**

The petitioner argues that the post-conviction court abused its discretion by requiring him to proceed *pro se* rather than appointing new counsel following post-conviction counsel's withdrawal from representation. Post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2006). The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence, see id. § 40-30-110(f) (2006); and we are bound by the post-conviction court's findings of fact unless the evidence in the record preponderates against those findings. See Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001).

Although the post-conviction court referred in its order of dismissal to transcripts of the various court hearings as well as a letter sent to it from the petitioner, the original record contained nothing other than the judgment, opinion, and mandate from the direct appeal; the *pro se* and amended petitions for post-conviction relief; the order dismissing the petition; and the notice of appeal. However, because the petitioner is *pro se*, we entered an order requesting that the record be supplemented with the missing transcripts and the letter from the petitioner to the post-conviction court. We have since received the transcript of the November 13, 2009 hearing at which the post-conviction court found that the petitioner had forfeited his right to counsel, as well as a letter from the petitioner to the post-conviction court dated September 21, 2009. Neither the transcript of the September 8, 2009 hearing, at which the petitioner fell onto the floor claiming chest pains, nor the transcript of the January

15, 2010 hearing, where the court ruled that the petition would be dismissed for failure to prosecute, was included with the supplemental record sent in response to our order. Nevertheless, we conclude that the record before us is sufficient for us to conduct a meaningful review of the issue on appeal.

At the beginning of the November 13 hearing, one of the petitioner's post-conviction counsel moved to be relieved from representation, informing the court that on the previous afternoon the petitioner had threatened her by pointing to her co-counsel and saying, "He can't protect you. Nobody can protect you. There will be mobs on the street." Her co-counsel affirmed that he was present and heard the statements and requested that he be allowed to join in her motion.

After granting the motion for recusal, the court placed post-conviction counsel under oath to explain the circumstances surrounding the previous day's incident. Post-conviction counsel testified that the comments were made after the petitioner, who had initially indicated that he was ready to proceed with the hearing, expressed his belief that she had promised that he would be granted a continuance for part of the hearing and she corrected him by explaining that the decision was up to the post-conviction court.

At that point, the post-conviction court found that the petitioner had forfeited his right to post-conviction counsel and ordered that the petitioner proceed with the hearing *pro se.* However, after the petitioner had begun his examination of trial counsel, the post-conviction court stopped the proceedings and inquired if the petitioner was prepared to go forward with the hearing on that day. The petitioner replied that he was "not really" ready and launched into his version of the previous day's encounter with post-conviction counsel, stating that she had, contrary to her testimony, told him that the only part of the post-conviction hearing that would be held that day was his claim of ineffective assistance of counsel.

In response, the assistant district attorney reminded the court of the petitioner's behavior at a previous setting of the case:

> If the court will recall, [the petitioner], in a previous hearing, told the court he wasn't ready and wanted a continuance. That was the date that he also asked the court to relieve [post-conviction counsel]; that he couldn't work with her and wanted another attorney. He told the court he was not ready for a hearing; and when the court told him that we were having the hearing that day, and that date had been set enough times and that we were going to finish the hearing on that day – not in two or three parts – but on that day – he fell out in the courtroom faking a heart attack.

The State called as a witness Deputy James C. Lafferty of the Shelby County Sheriff's Department, who had been assigned to the courtroom during the September 8, 2009 hearing. He testified that after the court denied the petitioner's motion for a continuance, the petitioner claimed to be experiencing chest pains, sat down, and then fell onto the floor. Deputy Lafferty said that he dragged the petitioner to the holding cell, where the petitioner lay on the floor for a few minutes and then asked Deputy Lafferty if he would make sure that all his paperwork was collected from the courtroom. According to Deputy Lafferty, when medical personnel arrived and checked the petitioner's vital signs, the petitioner's "blood pressure and everything . . . came back fine."

The post-conviction court introduced as an exhibit to the hearing a letter addressed to it from the petitioner. The court observed that it "found [the letter] to be of a threatening nature" and that it was one of the reasons the court had relieved post-conviction counsel from representation. The post-conviction court accurately summarized the contents of the letter as follows:

> In this, he talks about how he is going to basically patent or copyright his name; therefore, it will be illegal to use his name. But he says in here that, "The system had absolutely no mercy on me. That caused me to dig deeply – very deeply – and I found what I was looking for. I keep this information to myself, but I've sent the information to a friend with instructions to disclose the information to the masses – especially the blacks – to social-networking web sites like Myspace, Twitter, Facebook, Black Planet, Youtube, etcetera, if anything happens to me. I also . . . gave the information to another friend with instructions to do the same as above, except he is to distribute the information throughout the jail."
>
> I found . . . that part particularly troubling. And he's basically ordering me to grant him the relief he seeks. It's a very odd letter, indeed.[1]

The last witness at the hearing was the petitioner's trial counsel, who said that he was with the petitioner in the holding cell prior to the petitioner's second trial, after the trial court had denied the petitioner's motion for a continuance, when the petitioner made the comment to him that he "could come up dead." Based on his knowledge of the petitioner, trial counsel

---

[1] When the court asked the petitioner if he would like to see the letter, the petitioner replied that he had kept a copy for himself and that he had actually written two letters to the court but did not have the second letter with him. In its order dismissing the petition for failure to prosecute, the post-conviction court referred to "another bizarre letter" it received from the petitioner after the November 13, 2009 hearing. That letter is not included in the record before this court.

believed that he "made that statement for the purpose of continuing the trial, which that's what he got."

After noting that the case had been set for a hearing on several occasions, with the petitioner indicating on each occasion that he was not prepared to go forward, the post-conviction court ruled that it would give the petitioner one final opportunity by scheduling an evidentiary hearing to be held on January 15, 2010. The court then warned the petitioner to be ready to proceed with his proof on that date. The post-conviction court's ruling states in pertinent part:

> I believe that you have purposely been trying to delay matters and threatening lawyers, and that's the reason why I'm not going to give you another one. I'm going to give you one opportunity to do this hearing on the ineffective assistance of counsel as you claim, and also as to the prosecutorial misconduct.
>
> Anything that is not relevant to either one of those, I will not allow you to go into.

As we have previously mentioned, the transcript of the January 15, 2010 hearing was not included in the record. However, according to the post-conviction court's order of dismissal, the petitioner once again refused to proceed with his petition and again demanded that new post-conviction counsel be appointed. The court, therefore, dismissed the petition for failure to prosecute. In its order of dismissal, the court specifically found that the petitioner had employed deliberate delaying tactics to frustrate the prosecution of the case by, among other things, initially insisting upon proceeding with his case *pro se*, feigning a heart attack when ordered to proceed with his appointed counsel, threatening his appointed counsel, and sending bizarre letters to the court. The court's order of dismissal states in pertinent part:

> This Petition for Post-Conviction Relief was timely filed on March 19, 2007. Counsel was appointed May 3, 2007. After many months of continuances and delays, including personal letters to the court and several amended petitions, the eighth evidentiary hearing was scheduled for September 8, 2009. Petitioner refused to go forward at that time with his court appointed attorney and insisted that he represent himself. That request was denied. Upon hearing the request was denied, Petitioner feigned a heart attack and delayed the hearing until September 9, 2009. On September 9, 2009 the case was continued until October 10, 2009 for report and at that time a new hearing date was scheduled for November 13, 2009. After having heard testimony on November 13, 2009, pertaining to threats made by Petitioner to his post

-5-

conviction attorney and to his trial attorney, the post-conviction attorney was relieved. Due to the fact that Petitioner has threatened two attorneys and had voiced a desire to represent himself, Petitioner was in fact ordered to represent himself. The Court finds that whatever right Petitioner had to counsel was waived by his actions. Furthermore, there is no constitutional right to counsel on a Post-Conviction Petition. Petitioner actually started the hearing himself but the Court decided that fairness demanded he be given ample opportunity to prepare to proceed *pro se*. Petitioner was given a two month delay to prepare for the hearing until the 15th day of January, 2010. The Court was abundantly clear the hearing would be held that day and that Petitioner would be representing himself. The Court cleared most of his docket to accommodate the Petitioner for that date. In the meantime the [C]ourt received another bizarre letter, which was made an exhibit to this petition. On January 15, 2010 Petitioner refused to proceed and insisted on having counsel appointed thereby causing yet another delay. That request was denied. Petitioner was ordered to proceed but refused. After the Petitioner's refusal to proceed on January 15, 2010, the Court dismissed the Petition for Post-Conviction Relief for failure to prosecute. A transcript of such oral ruling was prepared by the court reporter and that transcript is incorporated by reference in this Order as stating the Court's findings of fact and conclusions of law in dismissing the Petition. Transcripts of previous hearing dates including November 13th 2009 are included to further explain the court[']s ruling.

. . . .

In summary, after much purposeful delay, the Petitioner has willfully and deliberately refused to proceed with this PETITION FOR POST-CONVICTION RELIEF. The Court finds that the Petitioner's knowledge of the law and of the judicial system, as evidenced through his many letters and Petitions, would not have prevented his ability to represent himself in this matter. Furthermore the Court finds the Petitioner[']s request for appointment of counsel was another attempt to further delay the proceedings. More specifically, he has failed to present any proof as to the many allegations set out in this Petition for Post-Conviction Relief.

We conclude that the record supports the findings of the post-conviction court that the petitioner forfeited his right to post-conviction counsel and abused the judicial process, thereby justifying the dismissal of the petition for failure to prosecute. An indigent criminal defendant may be deemed to have forfeited the constitutional right to trial counsel when he or she "engages in 'extremely serious misconduct,' or engages in an 'egregious manipulation'

-6-

of the right to counsel 'so as to delay, disrupt, or prevent the orderly administration of justice.'" State v. Holmes, 302 S.W.3d 831, 838 (Tenn. 2010) (quoting State v. Carruthers, 35 S.W.3d 516, 548-50 (Tenn. 2000). This case, however, deals with the forfeiture of the right to post-conviction counsel, which is statutory rather than constitutional. See House v. State, 911 S.W.2d 705, 712 (Tenn. 1995); Frazier v. State, 303 S.W.3d 674, 680 (Tenn. 2010). Furthermore, although the post-conviction statute provides for the appointment of post-conviction counsel to an indigent petitioner if the petition is not dismissed upon the court's preliminary consideration, see Tenn. Code Ann. § 40-30-107(a), (b)(1), the petitioner is not entitled to the counsel of his choice; "[a]ll that due process requires in the post-conviction setting is that the defendant have 'the opportunity to be heard at a meaningful time and in a meaningful manner.'" Stokes v. State, 146 S.W.3d 56, 61 (Tenn. 2004) (quoting House, 911 S.W.2d at 711). We, therefore, have no hesitation in concluding that the petitioner waived his right to post-conviction counsel by his behavior, which included his vacillation about whether he wanted to proceed *pro se* or with appointed counsel, his feigning of a heart attack, his repeated requests for continuances, and, last but not least, his threatening of his appointed counsel and the post-conviction court.

We also have no hesitation in concluding that the post-conviction court appropriately dismissed the petition for failure to prosecute when the petitioner, after repeated opportunities for an evidentiary hearing and fair warning from the court that he would be required to proceed on January 15, 2010, refused to go forward with his proof on that date. In Cazes v. State, 980 S.W.2d 364, 365 (Tenn. 1998), our supreme court affirmed the post-conviction court's dismissal of a petitioner's fourth petition for post-conviction relief on the basis that the petitioner's third petition, which alleged the same grounds for relief, had been dismissed with prejudice following the petitioner's repeated filings and withdrawals of a series of post-conviction petitions. The Cazes court reasoned that although the previous Post-Conviction Procedure Act under which the petitioner had acted gave the court the authority "to permit withdrawal [of a petition] without penalty," it did not "require courts to suffer interminable bad faith conduct." Id. at 365. The court concluded as follows:

> Today we hold what in Williams [v. State, 831 S.W.2d 281 (Tenn. 1992)], we implied: the dismissal with prejudice of a post-conviction petition will bar any subsequent petition for post-conviction relief predicated on grounds in existence prior to the dismissal. The rationale is simple: post-conviction relief is a statutory remedy offered by the legislature; it is not a constitutional right. Those who abuse the process cannot be heard to complain when access to the remedy is denied.

Id. (footnote omitted).

-7-

In Leslie v. State, 36 S.W.3d 34 (Tenn. 2000), our supreme court acknowledged its holding in Cazes that "the post-conviction remedy may be denied to a petitioner who abuses the post-conviction process." Id. at 39 (citing Cazes, 980 S.W.2d at 365). The Leslie court held, however, that the trial court had erred by dismissing Leslie's post-conviction petition for failure to prosecute without appointing new counsel or holding an evidentiary hearing because "[t]here was no evidence or allegation that Leslie abused the post-conviction process." Id.

Here, there was abundant evidence that the petitioner abused the post-conviction process by his behavior. Moreover, the post-conviction court in this case, unlike in others where we have reversed orders of dismissal for failure to prosecute, issued extensive findings of fact and conclusions of law in support of its order. See, e.g., Almeer Nance v. State, No. E2005-02265-CCA-R3-PC, 2006 WL 1575110, at *3 (Tenn. Crim. App. June 9, 2006) (reversing dismissal of the petition because there was no evidence in the record that petitioner caused the delays in prosecution and the post-conviction court "did not make adequate findings of fact and conclusions of law to support its decision"); Charles Ritter v. State, No. E2003-03016-CCA-R3-PC, 2004 WL 2309140, at *1 (Tenn. Crim. App. Oct. 14, 2004) (reversing and remanding for evidentiary hearing to determine reason for delay in the case because the record was silent and the post-conviction court's order failed to state the reasons for the dismissal).

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the dismissal of the petition for post-conviction relief for failure to prosecute.

_____
ALAN E. GLENN, JUDGE