# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 7, 2011

## JASON M. JUSTICE v. STATE OF TENNESSEE

**Direct Appeal from the Circuit Court for Madison County**
**No. C-10-102      Roger A. Page, Judge**

**No. W2010-02646-CCA-R3-PC  - Filed June 5, 2012**

Petitioner, Jason M. Justice, appeals from the trial court's denial of his petition for post-conviction relief.  Petitioner was convicted following a jury trial of first degree murder and sentenced by the trial court to life imprisonment.  This Court affirmed Petitioner's conviction on direct appeal.  *State v. Jason M. Justice*, No. W2008-01009-CCA-R3-CD, 2009 WL 1741398 (Tenn. Crim. App. at Jackson, June 15, 2009), *perm. app. denied* (Tenn., Nov. 23, 2009).  An appellate summary of the facts underlying Petitioner's conviction can be found at this Court's opinion cited herein.  In this appeal as of right, Petitioner asserts: 1) that he received the ineffective assistance of counsel at trial; 2) that he received the ineffective assistance of counsel at the post-conviction proceedings; and 3) the post-conviction court erred by denying Petitioner's requests to have his post-conviction counsel relieved and the post-conviction hearing continued.  After a careful review of the record, we find no error and affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the Court, in which ALAN E. GLENN and JEFFREY S. BIVINS, JJ., joined.

Patrick Dollar, Jackson, Tennessee, for the appellant, Jason M. Justice.

Robert E. Cooper, Jr., Attorney General and Reporter; Jeffrey D. Zenter, Assistant Attorney General; James G. Woodall, District Attorney General; and James W. Thompson, Assistant District Attorney General, for the appellee, the State of Tennessee.

## OPINION

On April 5, 2010, Petitioner filed a *pro se* petition for post-conviction relief and a "Brief in Support of Petition for Post-Conviction Relief," alleging that his trial counsel was

ineffective. On April 20, 2010, the post-conviction court entered an order appointing counsel to represent Petitioner in the post-conviction proceedings. Prior to the post-conviction hearing, counsel was allowed to withdraw from representing Petitioner due to a conflict, and new counsel was appointed. On November 8, 2010, an evidentiary hearing was conducted, and the following evidence was presented.

Petitioner testified that he was convicted of first-degree murder. The district public defender and an assistant public defender represented him at trial. He testified that the testimony of Aisha Kyles, the mother of his children, should have been impeached at trial and that she was "made to testify [against him by the State] to save herself from trouble." He testified that his attorneys "didn't investigate nothing [sic], the witnesses or nothing," and that his attorneys "didn't call none [sic] of [his] witnesses." Petitioner testified that he gave the names of potential witnesses Kelly Ellison and Linda Ellison to his attorneys and that those witnesses could have provided him an alibi. On cross-examination, Petitioner was asked what alibi those witnesses would have provided, and Petitioner responded, "We ain't in trial now. I plead the Fifth on that." Petitioner then testified that Kelly and Linda Ellison would have testified that he was "over there [at their house] a lot." Petitioner testified that his attorneys failed to properly investigate his case and that if they had properly investigated, they "would have learned, just that – that [Petitioner] wasn't in no car, you know, period, you know." On cross-examination, Petitioner was asked what his attorneys would have discovered, had they properly investigated, that would have made a difference in his case, and Petitioner answered, "Everything, you know what I mean?"

The assistant public defender testified that Petitioner requested that he contact Aisha Kyles. The attorney testified that Ms. Kyles "had given several statements to the police that changed over time." He spoke to Ms. Kyles by telephone, and "[s]he wasn't very forthcoming." On cross-examination, counsel testified that he met with Ms. Kyles "at trial" and that "[s]he might have made a general statement, nothing specific[,]" about having been pressured by the State. Counsel testified that Petitioner had indicated to him that the Ellisons might be alibi witnesses. He spoke to Monica Ellison, Linda Ellison, Petitioner's aunt, and Kelly Ellison, Petitioner's cousin. Counsel testified that they told him that Petitioner "could have been over there that day," but they could not state a specific time. He testified that he made an appointment for them to meet with him at his office, but they showed up three hours late. He met with them in the lobby, and "they didn't have anything concrete, anything enough to file an alibi notice, much less get through cross-examination."

*Analysis*

On appeal, Petitioner contends that the post-conviction court erred when it dismissed his petition because counsel was ineffective. *State v. Burns*, 6 S.W.3d 453, 461 (Tenn.

1999). In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. Tenn. Code Ann. § 40–30–103 (2006). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. Tenn. Code Ann. § 40–30–110(f) (2006). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999); *Henley v. State*, 960 S.W.2d 572, 578–79 (Tenn. 1997). A post-conviction court's factual findings are subject to a *de novo* review by this Court; however, we must accord these factual findings a presumption of correctness, which is overcome only when a preponderance of the evidence is contrary to the post-conviction court's factual findings. *Fields v. State*, 40 S.W.3d 450, 456 (Tenn. 2001). A post-conviction court's conclusions of law are subject to a purely *de novo* review by this Court, with no presumption of correctness. *Id*. at 457. The Tennessee Supreme Court has held that the issue of ineffective assistance of counsel is a mixed question of law and fact and, as such, is subject to *de novo* review. *Burns*, 6 S.W.3d at 461.

The right of a criminally accused to representation is guaranteed by both the Sixth Amendment to the United States Constitution and Article I, section 9, of the Tennessee Constitution. *State v. White*, 114 S.W.3d 469, 475 (Tenn. 2003); *Burns*, 6 S.W.3d at 461; *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). This right to representation includes the right to "reasonably effective" assistance. *Burns*, 6 S.W.3d at 461. The following two-prong test directs a court's evaluation of a claim for effectiveness:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or [] sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*State v. Melson*, 772 S.W.2d 417, 419 (Tenn. 1989). In reviewing a claim of ineffective assistance of counsel, this Court must determine whether the advice given or services rendered by the attorney are within the range of competence demanded of attorneys in criminal cases. *Baxter*, 523 S.W.2d at 936. To prevail on a claim of ineffective assistance of counsel, a petitioner must show that "counsel's representation fell below an objective

standard of reasonableness." *House v. State*, 44 S.W.3d 508, 515 (Tenn. 2001) (citing *Strickland v. Washington*, 466 U.S. 688, 104 S. Ct. 2052 (1984)). When evaluating an ineffective assistance of counsel claim, the reviewing court should judge the attorney's performance within the context of the case as a whole, taking into account all relevant circumstances. *Strickland*, 466 U.S. at 690; *State v. Mitchell*, 753 S.W.2d 148, 149 (Tenn. Crim. App. 1988).

The reviewing court must evaluate the questionable conduct from the attorney's perspective at the time. *Strickland*, 466 U.S. at 690; *Hellard v. State*, 629 S.W.2d 4, 9 (Tenn. 1982). In doing so, the reviewing court must be highly deferential and "should indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Burns*, 6 S.W.3d at 462. Finally, we note that petitioners are not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State*, 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). In other words, "in considering claims of ineffective assistance of counsel, '[w]e address not what is prudent or appropriate, but only what is constitutionally compelled.'" *Burger v. Kemp*, 483 U.S. 776, 794, 107 S. Ct. 3114 (1987) (quoting *United States v. Cronic*, 466 U.S. 648, 665, n. 38, 104 S. Ct. 2039 (1984)).

If the petitioner shows that counsel's representation fell below a reasonable standard, then the petitioner must satisfy the prejudice prong of the *Strickland* test by demonstrating "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Nichols v. State*, 90 S.W.3d 576, 587 (Tenn. 2002). To satisfy the requirement of prejudice, a petitioner must show a reasonable probability that, but for counsel's unreasonable error, the fact finder would have had reasonable doubt regarding the petitioner's guilt. *Strickland*, 466 U.S. at 695. This reasonable probability must be "sufficient to undermine confidence in the outcome." *Id*. at 694; *see also Harris v. State*, 875 S.W.2d 662, 665 (Tenn. 1994).

On appeal, Petitioner claims that he was denied the constitutionally guaranteed effective assistance of counsel because his trial counsel failed to: 1) discredit the testimony of State's witness Aisha Kyles and sufficiently pursue the theory that her testimony was self-serving; and 2) call Kelly and Linda Ellison as alibi witnesses.

Regarding Ms. Kyles' testimony, the record shows that, on cross-examination by the district public defender, Ms. Kyles acknowledged that she was "not completely honest" in her statements to investigators. On redirect, she testified that she was "scared" and she loved Petitioner, and her reluctance to tell investigators "the whole story" was motivated by her relationship with Petitioner and her desire not to hurt him at trial. On recross, the district

public defender questioned Ms. Kyles about whether she was "testifying here to keep [her]self out of trouble," to which Ms. Kyles answered that she was.

Petitioner did not offer any testimony by Ms. Kyles at the post-conviction hearing, nor did he present any evidence of what alleged offers by the State she received in exchange for her testimony. We conclude that Petitioner has failed to show that the evidence preponderates against the post-conviction court's finding that trial counsel's performance in investigating and attacking Ms. Kyles' credibility was not deficient. Furthermore, Petitioner has not established that he was prejudiced the alleged deficiency. Other witnesses who were present at Ms. Kyles' residence on the date of the shooting also testified that Petitioner had borrowed a vehicle matching the description of the vehicle driven by the shooter, and that when he returned to the residence, he seemed nervous and agitated, and he had a firearm. Petitioner has failed to show either a deficient performance or prejudice. Petitioner is not entitled to relief on this issue.

Regarding trial counsel's alleged deficiency for failing to call Kelly and Linda Ellison as alibi witnesses, the State responds that Petitioner did not raise the issue in his post-conviction petition or brief in support of his petition, and therefore, Petitioner has waived the issue. A post-conviction petition must contain a clear and specific statement of all grounds upon which relief is sought, including full disclosure of the factual basis of those grounds. *Powell v. State*, 8 S.W.3d 631, 632 (Tenn. Crim. App. 1998) (citing Tenn. Code Ann. § 40-30-206(d)). Petitioner's claim regarding the Ellisons was only first addressed in his testimony at the post-conviction hearing. Regardless of any waiver issue, we conclude that the issue is without merit.

Petitioner did not call the Ellisons to testify as witnesses at the post-conviction hearing. When a petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing. *Black v. State*, 974 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Petitioner's trial counsel testified that he interviewed the Ellisons, and "[t]he best they could say is that he was over there often, he might have been over there that day, but could not give [him] any specific time frame." Counsel determined that they did not provide him with enough information to pursue an alibi defense. We will not second-guess trial counsel's strategic decisions in weighing the value of a witness' testimony against the damage to a defendant's case in calling witnesses who may not be credible. Petitioner has failed to establish that counsel's performance was deficient or that he was prejudiced by any alleged deficiency. Petitioner is not entitled to relief on this issue.

Next, Petitioner contends that 1) he received the ineffective assistance of counsel at the post-conviction hearing; and 2) the trial court erred by refusing to grant Petitioner's

request for a continuance at the hearing. The order denying post-conviction relief states that attorney Colin Morris was first appointed to represent Petitioner on April 20, 2010, and a hearing was set for July 14, 2010. Mr. Morris requested a continuance, and the hearing was reset for September 7, 2010. Attorney Morris was subsequently allowed to withdraw due to a conflict. The court appointed new counsel, attorney Joseph Howell, to represent Petitioner, and the hearing was reset for November 8, 2010. The record does not contain an amended petition filed on behalf of Petitioner by either Mr. Morris or Mr. Howell. At the November 8th hearing, Mr. Howell explained to the court that he "met with [Petitioner] at the Department of Corrections [sic] [and] in the course of that meeting explained to him the process and post-conviction act." Mr. Howell stated that he then drafted an amended petition and sent it to Petitioner. Petitioner then filed a *pro se* "Motion to Supplement the Post-Conviction Petition." At the hearing, Mr. Howell advised the court, "I have talked to [Petitioner] this morning. I think he would like to either proceed *pro se* or have another attorney to represent him." Mr. Howell also requested a continuance in order to file an amended petition, which the court denied, noting that the post-conviction case had been pending since April 5, 2010, and "the Defendant's caused the delay here, nobody else."

In his brief, Petitioner asserts that after Petitioner "refused to sign the required affidavit, Mr. Howell made no further effort to convince [Petitioner] that he [Mr. Howell] was attempting to represent [Petitioner]'s best interests." Petitioner stated to the court at the November 8th hearing, "I've been down here five days and Mr. Howell ain't [sic] come down to see me, not night or day." The court responded that Petitioner "had plenty of time this morning [while waiting for the hearing to begin] to discuss anything [Petitioner] wanted to." During Petitioner's testimony at the hearing, Mr. Howell asked Petitioner,

> Q    Okay. All right, [Petitioner]. Have I failed to ask you any question here today?
>
> A    You really failed to even prepare a defense. That's how I feel –
>
> Q    I understand that.
>
> A    – you know.
>
> Q    But we're here on your petition. This is your opportunity to address the Court.
>
> A    How can I when you ain't went [sic] over nothing with me, you know? I feel like you ineffective assistant [sic] counsel, too.

It is well-established that a petitioner does not have a constitutional right to be represented by counsel in a post-conviction case. *See House v. State*, 911 S.W.2d 705, 712 (Tenn. 1995); *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990, 1993 (1987). In Tennessee, however, the legislature has afforded a statutory right to counsel in post-conviction cases. *See* Tenn. Code Ann. § 40–30–207(b)(1) (2010). The appointment of counsel assists in ensuring that a petitioner asserts all available grounds for relief and fully and fairly litigates these grounds in a single post-conviction proceeding.

The Tennessee Supreme Court has summarized the obligations and responsibilities of a post-conviction attorney as follows:

> Appointed or retained counsel shall be required to review the pro se petition, file an amended petition asserting other claims which petitioner arguably has or a written notice that no amended petition will be filed, interview relevant witnesses, including petitioner and prior counsel, and diligently investigate and present all reasonable claims.

Tenn. Sup. Ct. R. 28, § 6(C)(2). Counsel is also to file a certification indicating that he or she has thoroughly investigated the possible constitutional violations, has discussed the possible constitutional violations with the petitioner, and has raised all non-frivolous constitutional grounds warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law. Tenn. Sup. Ct. R. 28, § 6(C)(3), app. C.

We reiterate that "there is no constitutional right to effective assistance of counsel in post-conviction proceedings." *House*, 911 S.W.2d at 712. We nevertheless conclude, under the standards set forth above, that Mr. Howell fulfilled his duties as appointed post-conviction counsel. Mr. Howell met with Petitioner to discuss his claims. Although it was never filed, Mr. Howell prepared and sent Petitioner an amended petition for post-conviction relief, which Petitioner acknowledges in his brief that he "refused to sign." While Petitioner was represented by Mr. Howell, he filed a *pro se* "Motion to Supplement the Post-Conviction Petition," in which he makes additional factual allegations in support of his assertion that his trial counsel was ineffective. Petitioner cannot blame appointed counsel for his own lack of cooperation. Petitioner was represented by Mr. Howell at an evidentiary hearing. Petitioner is not entitled to relief on this issue.

Finally, we address Petitioner's assertion that the trial court erred in refusing to relieve Mr. Howell as counsel and grant a continuance. It is well settled that the grant or denial of a continuance rests within the sound discretion of the trial judge. *Harris v. State*, 947 S.W.2d 156, 173 (Tenn. Crim. App. 1996) (citing *State v. Morgan*, 825 S.W.2d 113, 117 (Tenn. Crim. App. 1991)). When a litigant challenges the denial of a continuance, a judgment will

be reversed only if (1) the denial was an abuse of discretion, and (2) the litigant was prejudiced, to be proved by a showing that there is a reasonable probability that, had the continuance been granted, the results of the proceeding would have been different. *Morgan*, 825 S.W.2d at 117 (citing *State v. Dykes*, 803 S.W.2d 250, 257 (Tenn. Crim. App. 1990), *overruled on other grounds*; *Baxter v. State*, 503 S.W.2d 226, 230 (Tenn. Crim. App. 1973)).

Due process requires that a post-conviction petitioner have the opportunity to be heard at a meaningful time and in a meaningful manner. *Stokes v. State*, 146 S.W.3d 56, 61 (Tenn. 2004). The hearing in this case had been previously reset by the post-conviction court at Petitioner's request. Petitioner refused cooperation with his second court-appointed counsel, and sought to have Mr. Howell relieved at the commencement of the hearing. Although we do not believe this to be such a case, we have held that the post-conviction remedy may be denied to a petitioner who abuses the post-conviction process. *See Cazes v. State*, 980 S.W.2d 364, 365 (Tenn. 1998). Petitioner received the benefit of counsel, the opportunity to amend his *pro se* petition with the assistance of counsel, and an evidentiary hearing. The trial court did not abuse its discretion in denying a second continuance, and Petitioner was not prejudiced by such denial. Petitioner is not entitled to relief on this issue.

## CONCLUSION

After a careful review of the record, we conclude that the trial court did not err in denying post-conviction relief.

_____
THOMAS T. WOODALL, JUDGE