Billy Ray ALBERT, Appellant,

v.

STATE of Tennessee, Appellee.

Supreme Court of Tennessee,
at Jackson.

July 8, 1991.

Charles W. Burson, Atty. Gen. and Reporter, Norma Crippen Ballard and C. Anthony Daughtrey, Asst. Attys. Gen., Nashville, for appellee.

Brett B. Stein, Memphis, for appellant.

## OPINION

O'BRIEN, Justice.

This is an appeal from denial of a petition for post-conviction relief without a hearing. In March of 1982 defendant pled guilty to voluntary manslaughter, burglary in the second degree, and grand larceny. He was sentenced to concurrent sentences of three (3) years. A review of the guilty plea proceedings revealed that he was not informed of his constitutional rights against self-incrimination and to confrontation of the witnesses against him.

In July 1982 defendant filed a *pro se* petition for post-conviction relief, attacking the voluntariness of his guilty pleas. Counsel was appointed and a date set for a hearing. The *pro se* petition was not amended. Before the hearing, defendant voluntarily withdrew his petition. The order allowing petitioner to withdraw his petition for post-conviction relief is brief. It simply states that upon the oral motion of the defendant and upon statements of counsel petitioner [is] allowed to withdraw the petition for post-conviction relief which he has filed in this matter.

Six (6) years later in August 1988 defendant filed another petition for post-conviction relief, arguing that his guilty pleas were not knowingly and intelligently made because he was informed neither of his constitutional right against self-incrimination nor of his right of confrontation. A new judge found that he had waived those issues pursuant to T.C.A. § 40-30-112. Specifically, the trial judge found that counsel had been appointed and undertook representation in 1982. By choosing not to proceed, with the assistance of counsel, defendant waived the issues raised in his second petition.

The Court of Criminal Appeals, in a split decision, affirmed the trial court's finding of waiver, relying on T.C.A. § 40-30-112 and T.C.A. § 40-30-104(a)(10), which require a petitioner to state facts establishing the grounds on which the claim for relief is

based, whether they have been previously presented to any court and, if not, why not.

Application to appeal was made to this Court. Neither the application nor the accompanying brief is of any great assistance to us in this matter. The State poses the issues presented for review to be (1) whether the trial court properly dismissed the petition since the petitioner is not "in custody"; (2) whether the trial court properly held that the issue in the petition had been waived.

■ As to the first issue suggested by the State it is argued that the petitioner has failed to show that he is presently in custody under the convictions attacked in his post-conviction petition. The State insists he is not in custody, citing provisions of T.C.A. § 40–30–104(a)(6) and (7). They say that under T.C.A. § 40–30–102 only a prisoner in custody may file a petition for post-conviction relief.

In *State v. McCraw*, 551 S.W.2d 692 (Tenn.1977), this Court held that the term "in custody" for purposes of the Post-Conviction Relief Act means any possibility of restraint of liberty. On the basis of the recent United States Supreme Court decision in *Maleng v. Cook*, 490 U.S. 488, 109 S.Ct. 1923, 104 L.Ed.2d 540 (1989), the State says that this Court, in *McCraw*, violated the principles governing the construction of statutes. They argue that we should hold that *McCraw* was wrongly decided, and reverse that decision. We do not construe T.C.A. § 40–30–102 to have the meaning placed on it by the State's attorney. We decline the invitation to reverse *McCraw*.

■ The substantive issue here is whether the voluntary withdrawal of a prior post-conviction relief petition constitutes a waiver which precludes the filing of a second petition for post-conviction relief. We hold, that under the circumstances of this case, it does not. *See Swanson v. State*, 749 S.W.2d 731 (Tenn.1988).

The 1982 petition for post-conviction relief was filed by Albert, *pro se*. It is barely intelligible. It is not possible to say what it actually alleges. Counsel was appointed, however the petition was not amended. The trial court allowed the petition to be withdrawn. The second petition, filed in 1988, was prepared by an attorney from Nashville. Petitioner was obviously in confinement. Although counsel was appointed in Shelby County, where disposition of the petition was made, there is no indication that any attempt was made to amend the petition to allege essential facts to establish a cause of action. The petition was dismissed upon the motion of the State and statements of counsel. The trial court, the Court of Criminal Appeals and the brief of the State in this Court all rely on the provisions of T.C.A. § 40–30–112. Appointed counsel for the appellant has neither briefed nor argued that issue. The order of the trial court dismissing the petition says petitioner *could have litigated* these issues in 1982, and by choosing not to proceed, with the assistance of counsel, waived those issues pursuant to T.C.A. § 40–30–112. The majority opinion of the Court of Criminal Appeals states the appellant did not set forth any reason why he failed to allege the lack of advice of his constitutional rights as required by *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), when he filed his first post-conviction relief petition in 1982. Citing T.C.A. § 40–30–112 they ruled, "it is clear that this issue is waived and the trial judge correctly dismissed the petition without any hearing." The State here insists that since the petitioner, with the advice of counsel, abandoned his opportunity to present the issue before a court of competent jurisdiction, the issue is waived.

T.C.A. § 40–30–112(b)(1) provides a ground for relief is waived if petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented. Subsection (b)(2) of the statute states that there is a rebuttable presumption that a ground for relief not raised in any such proceeding which was held was waived.

T.C.A. § 40–30–115 provides that the court may grant leave to withdraw the

petition any time prior to the entry of the judgment.

We are of the opinion that was the procedure followed by the 1982 court in this case. The act is to be construed *in pari materia* to achieve its intended purpose. The record shows that pursuant to T.C.A. § 40–30–115 the court allowed the withdrawal of the petition prior to the hearing; consequently, there has been no proceeding before a court at which the grounds alleged could have been presented. The record does not support the trial court's finding that the grounds asserted are "waived."

The 1982 petition was filed while defendant was in custody. There was no hearing and there were no issues adjudicated. There was no waiver, therefore, the judgment of the Court of Criminal Appeals affirming the judgment by the trial court is overruled. The case is remanded to the trial court for further proceedings required. Costs are adjudged against the State.

REID, C.J., and DROWOTA, DAUGHTREY and ANDERSON, JJ., concur.