**Warren D. WILLIAMS, Appellee,**

v.

**STATE of Tennessee, Appellant.**

Supreme Court of Tennessee, at Knoxville.

May 4, 1992.

C. Anthony Daughtrey, Asst. Atty. Gen., Charles W. Burson, Atty. Gen. and Reporter, Nashville, for appellant.

Thomas V. Testerman, Newport, for appellee.

## OPINION

DAUGHTREY, Justice.

This appeal concerns the effect of a voluntary withdrawal of a petition for post-conviction relief, under T.C.A. § 40–30–115(a). That statute provides that a court "may grant leave to withdraw the petition at any time prior to the entry of the judgment." Despite the fact that subsection 115(a) is silent on the effect of such a withdrawal, the trial court in this case ruled that it would necessarily require dismissal with prejudice. We disagree.

The record indicates that Warren Williams filed a petition for post-conviction relief, alleging that he did not knowingly and voluntarily enter pleas of guilty to several counts of concealing stolen property and that he had been denied the effective assistance of counsel as to those convictions. While the post-conviction action was pending and prior to a hearing on the petition, Williams became eligible for parole from prison. By way of a "motion of non-suit," he sought dismissal of his petition without prejudice. The trial court granted Williams's motion to dismiss, but insisted that the order of dismissal be entered with prejudice. In support of this decision, the trial judge reasoned that because the post-conviction statute prohibits relitigation of the same issues, a petitioner cannot be allowed to file multiple petitions raising identical challenges, and that further review of the issues contained in the petition was therefore foreclosed.

On appeal, the Court of Criminal Appeals announced as a general proposition that motions to withdraw post-conviction petitions should be granted without prejudice when petitioners assert adequate reasons for dismissal. According to the intermediate appellate court's analysis, if the trial court determines that the circumstances or reasons advanced by a post-conviction petitioner do not warrant such a disposition, it should deny voluntary withdrawal, and the petitioner would then have the choice of pursuing the suit to conclusion or facing dismissal with prejudice. The Court of Criminal Appeals, in a split decision, reversed the judgment of the court below and remanded the case for a hearing to determine whether Williams could advance a legitimate reason for the withdrawal of his petition.

Our decision in this case is controlled by *Albert v. State*, 813 S.W.2d 426 (Tenn. 1991), handed down during the pendency of this appeal. In *Albert*, we held that waiver under the post-conviction statute does not occur until there has been a hearing on the merits and the issues raised in the petition have been "adjudicated." *Id.* at 428. In a prior post-conviction proceeding initiated by Albert, counsel was appointed and a date was set for a hearing. Before adjudication on the merits, Albert moved to withdraw the petition voluntarily. The trial judge granted the petitioner's motion. *Id.* at 426. In a subsequent post-conviction proceeding, the trial court dismissed Albert's petition on the ground that the voluntary withdrawal of the prior petition constituted a waiver under T.C.A. § 40–30–112. *Id.*

In reviewing the dismissal of Albert's second petition, this Court observed that the statute provides for waiver where the petitioner knowingly and understandingly failed to present grounds for determination in any prior proceeding. *Id.* at 427, citing T.C.A. § 40–30–112(b)(1). Because there had been "no proceeding before a court at which the grounds alleged could have been presented," we held that waiver had not occurred. *Id.* at 428.

Likewise, in petitioner Williams's situation, the imposition of a dismissal with prejudice is inappropriate. There is no waiver where a defendant is permitted to withdraw a post-conviction petition before it is heard on the merits. *Albert*, 813 S.W.2d at 428. A defendant who, with leave of court, voluntarily withdraws a post-conviction petition may later reinstitute that petition or substitute a new petition for it, without fear of being denied adjudication on the merits.

The only question that remains concerns the standard to be applied by the trial court

in deciding whether or not to permit voluntary withdrawal. We share the concern expressed by the Court of Criminal Appeals that withdrawal should not be allowed when it appears that the petitioner is not acting in good faith. If, for example, the trial judge discerns that a litigant is abusing the post-conviction process by filing successive petitions and seeking repeated withdrawals, or is otherwise acting in bad faith, dismissal of the action for failure to prosecute, with prejudice to the petitioner's right to refile the petition, would be proper. If, on the other hand, it appears that the petitioner is not acting in bad faith but has some reasonable basis for seeking voluntary withdrawal, failure to grant the motion to dismiss without prejudice would constitute abuse of discretion.

We cannot say that the record in this case reflects bad-faith conduct on the part of the petitioner. It follows that his motion to withdraw his post-conviction petition should have been granted and an order of dismissal without prejudice should have been entered. Of course, Williams's right to refile in the future may be adversely affected by the statute of limitations imposed on post-conviction proceedings by T.C.A. § 40–30–102, but we find no reason to restrict his right to post-conviction review based on the language of T.C.A. § 40–30–115(a).

The judgment of the Court of Criminal Appeals is affirmed insofar as it reverses the judgment of the trial court. Because we find that a remand is unnecessary, we modify the intermediate court's judgment to show that the petition for post-conviction is dismissed, without prejudice. Costs of the appeal will be taxed to the appellant.

REID, C.J., and DROWOTA, O'BRIEN and ANDERSON, JJ., concur.