25 F.3d 1047
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 William D. ARENDALL, Petitioner-Appellant,
v.
Jack MORGAN, Warden, Respondent-Appellee.
 No. 93-5860.
 United States Court of Appeals, Sixth Circuit.
 May 24, 1994.
 
 Before: KEITH and BATCHELDER, Circuit Judges, and JOINER, Senior District Judge.*
 PER CURIAM:
 
 
 1
 Petitioner William David Arendall ("Arendall") appeals the district court's dismissal of his petition for writ of habeas corpus based on his failure to raise all constitutional claims within prior petitions. Arendall argues the district court erred by characterizing his proceeding to amend his sentence as a post-conviction proceeding for the purposes of Tennessee's waiver statute. For the reasons stated below, we AFFIRM the district court's dismissal of Arendall's petition.
 
 I.
 
 2
 In 1972, a Tennessee jury convicted Arendall of two counts of armed robbery. The state court sentenced Arendall for twenty and thirty years, respectively. Arendall appealed and the Tennessee Court of Appeals affirmed his conviction. See Arendall v. State, 509 S.W.2d 838 (Tenn.Crim.App.1974). The Tennessee Supreme Court denied review.
 
 
 3
 On January 27, 1984, Arendall filed a petition for post-conviction relief. On advice of counsel, however, he withdrew the petition. On August 29, 1986, Arendall filed a pro se document seeking a recomputation of his sentence to reflect credits for time served in federal custody. The trial court appointed counsel, held a short hearing and credited him with time served.
 
 
 4
 On June 16, 1988, Arendall filed another petition for post-conviction relief alleging ineffective assistance of appellate counsel. The trial court again appointed counsel and Arendall amended his claim. The state filed answers arguing Arendall failed to include his allegations within his 1984 and 1986 petitions, and thus waived the right to raise the issues. After an evidentiary hearing, the trial court found Arendall had waived his grounds for relief and denied his petition. Arendall appealed this judgment and the Tennessee Court of Criminal Appeals affirmed. See Arendall v. State, No. 88-276-III, 1989 WL 111202, (Tenn.Crim.App., Sept. 27, 1989). The Tennessee Supreme Court denied review.
 
 
 5
 Arendall then filed a federal habeas petition. A federal magistrate judge recommended dismissing the petition because Arendall had procedurally defaulted and had not shown cause and prejudice. On May 27, 1993, the district court adopted the Magistrate's recommendation and dismissed Arendall's petition with prejudice.
 
 II.
 
 6
 The State concedes that Arendall's voluntarily withdrawn 1984 petition did not waive his claims. In Albert v. State, 813 S.W.2d 426 (Tenn.1991), the Tennessee Supreme Court held that no waiver of issues occurs until there has been a hearing on the merits. Thus, when a petition has been withdrawn, there has been "no proceeding before a court at which the grounds alleged could have been presented." Id. at 428. See also Williams v. State, 831 S.W.2d 281, 282 (Tenn.1992). The State alleges, however, that Arendall's failure to plead his constitutional claims at any time during the 1986 proceeding to amend his sentence waived further review of these issues.
 
 
 7
 For purposes of habeas review, our Circuit applies the three part test set out in Maupin v. Smith, 785 F.2d 135, 138 (6th Cir.1986). The Maupin test directs us to determine: (1) whether there is a state procedural rule that is applicable to the petitioner's claim with which the petition failed to comply; (2) whether the state court actually enforced the state procedural sanction; and (3) whether the state procedural forfeiture is an 'adequate and independent' state ground upon which the state can rely to foreclose review of a federal constitutional claim. Id. The state rule applicable to Arendall's case is found within the Tennessee Post-Conviction Procedure Act which provides:
 
 
 8
 (B)(1) A ground for relief is "waived" if the petitioner knowingly and understandingly failed to present it for determination in any proceeding before a court of competent jurisdiction in which the ground could have been presented.
 
 
 9
 (2) There is a rebuttable presumption that any ground for relief not raised in any such proceeding which was held was waived.
 
 
 10
 Tenn.Code Ann. Sec. 40-30-112(b) (1992).
 
 
 11
 In a detailed and well-reasoned opinion, the Magistrate applied the Maupin analysis and found: (1) Sec. 40-30-112(b)(2) was the applicable procedural rule and that Arendall failed to comply with this rule; (2) the Tennessee courts do enforce this procedural rule; and (3) because the decisions regarding Arendall's post-conviction proceedings were based solely on state law, an adequate independent state ground existed. The Magistrate further found that Arendall failed to demonstrate any cause for non-compliance or to show he was prejudiced.
 
 III.
 
 12
 After hearing oral argument and carefully considering the record before us, we find no error warranting reversal. We, therefore, AFFIRM the dismissal of Arendall's petition on the basis of the recommendation of United States Magistrate, William J. Haynes, Jr., as adopted by the district court.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior United States District Judge for the Eastern District of Michigan, sitting by designation