# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 22, 2004

## COREY KENNERLY v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Franklin County**
**No. 8782     J. Curtis Smith, Judge**

---

**No. M2003-00489-CCA-R3-PC - Filed November 5, 2004**

---

The Appellant, Corey Kennerly, is currently serving concurrent sentences of life imprisonment and twenty years, as a result of his guilty pleas to first degree murder and aggravated robbery. Kennerly has filed a petition pursuant to the Post-Conviction DNA Analysis Act of 2001 requesting DNA analysis of evidence that resulted in his convictions. The trial court granted Kennerly's petition and ordered that DNA analysis be performed at state expense. After Kennerly was advised by the forensic laboratory that the DNA analysis was unfavorable, he moved to voluntarily dismiss his petition without prejudice. The trial court ruled that voluntary dismissal of the petition was not authorized by the Act and dismissed the petition upon its merits. Kennerly appeals this ruling. After review, we find no error and affirm.

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed**

DAVID G. HAYES, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

J. Mark Stewart, Winchester, Tennessee, for the Appellant, Corey Kennerly.

Paul G. Summers, Attorney General and Reporter; Michael Moore, Solicitor General; David H. Findley, Assistant Attorney General; Steven M. Blount, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Procedural History

On October 28, 1996, the Appellant pled guilty to first degree felony murder and especially aggravated robbery. As provided by the plea agreement, the Appellant was sentenced to concurrent sentences of life imprisonment for first degree murder and twenty years for especially aggravated robbery. No direct appeal was taken, but a denial of post-conviction relief was affirmed by this court

on appeal. *Corey Adams Kennerly v. State*, No. 01C01-9806-CC-00252 (Tenn. Crim. App. at Nashville, Apr. 29, 1999).

On August 9, 2001, the Appellant, proceeding *pro se*, filed a motion to reopen his prior post-conviction petition pursuant to the Post-Conviction DNA Analysis Act of 2001.[1] He asserted that DNA testing of the vaginal swabs collected from the deceased victim during the investigation would prove that he was innocent of aggravated rape, which was the crime underlying his conviction for felony murder. Counsel was appointed, and an amended petition was filed on February 19, 2002. After a hearing, the trial court granted the Appellant's request to have DNA testing performed. At the Appellant's request, the testing was done in a California lab at state expense.

At the next scheduled hearing, the State advised the trial court that the DNA tests results had been returned and that they were unfavorable to the Appellant.[2] Based upon this information, Appellant's counsel, at the Appellant's request, moved to withdraw his pending motion for DNA analysis without prejudice. The State objected to the Appellant's motion to withdraw, noting, among other reasons, that $5,500.00 had already been expended by the State in conducting DNA testing.

The trial court informed the parties that it would take the motion to withdraw under advisement but wanted to proceed with any proof in the case. The State rested based upon the results of the DNA test, and the Appellant stated that he had no proof to present. On February 11, 2003, the trial court ordered dismissal of the Appellant's action seeking DNA analysis, finding that Tennessee Code Annotated section 40-30-312 (2003) required dismissal with prejudice if the results were unfavorable to the petitioner. This appeal followed.

## Analysis

The issue before us on appeal is whether a petitioner may voluntarily dismiss his or her petition for DNA analysis after the completion of forensic DNA testing, but prior to the adjudication of the petition on the merits.

In dismissing the petition with prejudice, the trial court relied upon Tennessee Code Annotated section 40-30-312, which provides that "[i]f the results of the post-conviction DNA analysis are not favorable to the petitioner, the court shall dismiss the petition and make such further orders as may be appropriate." Moreover, the trial court observed:

---

[1] For instructional purposes, we would note that the Appellant's filing of a "Motion to Reopen Post-Conviction Petition" was incorrect. The action should have been presented as a petition for DNA analysis. *See* Tenn. Code Ann. § 40-30-303 (2003).

[2] Specifically, the test results established: "5. These findings fail to support Corey Kennerly's claims of factual innocence in the rape and murder of Mary Sharp." Moreover, the results revealed that the Appellant's DNA matched the DNA samples (semen) recovered from the victim, and the statistical likelihood that an unrelated person chosen at random from the Black population could have the same DNA profile as the Appellant was "1/56 billion."

Obviously with the strategy that if the results were unfavorable, as they were unfavorable, then [the Appellant] could avoid the ramifications of that by dismissing his petition. However, I find that 40-30-312 requires that if the analysis is not favorable to the petitioner and here the DNA analysis was not favorable to [the Appellant] then this Court must dismiss the petition as the words of the statute read.

In arguing that the trial court's ruling was erroneous, the Appellant relies upon our supreme court's holding in *Williams v. State*, 831 S.W.2d 281 (Tenn. 1992), "for persuasive authority that the Defendant may withdraw a post-conviction petition for relief without prejudice to the Petitioner's right to refile, absent bad faith on the part of the Defendant." We find this argument misplaced. Initially, we would note that the holding in *Williams* "concern[ed] the effect of a voluntary withdrawal of a petition for post-conviction relief under T.C.A. 40-30-115(a)." *Williams*, 831 S.W.2d at 282. This statutory provision was repealed with the adoption of the Post-Conviction Procedure Act of 1995 and is now codified at Tennessee Code Annotated section 40-30-109(c) (2003). Tennessee Code Annotated section 40-30-109(c) provides: "The petitioner may withdraw a petition at any time prior to the hearing without prejudice to any rights to refile, but the withdrawn petition shall not toll the statute of limitations set forth in § 40-30-102."

The Post-Conviction DNA Analysis Act of 2001, which is found in Part 3 of the Post-Conviction Act, encompasses, as the name implies, only DNA analysis and the procedural requirements for obtaining analysis results. Thus, a petition filed under Part 3 does not constitute a petition for general post-conviction relief, as it is not a collateral attack on the judgment of conviction. As the statute directs, if the laboratory results are not favorable to the petitioner, the petition shall be dismissed. Tenn. Code Ann. § 40-30-312. If the results are favorable, the trial court shall order a hearing and enter such orders as is required or permitted by "the rules of criminal procedure[3] or part 1 of this chapter." *Id*.

Part 1 of the Post-Conviction Procedure Act prescribes the general provisions of the Act and establishes when a prisoner may petition for post-conviction relief. The Act expressly provides that a petition may be filed beyond the one-year statute of limitations when:

> (2) The claim in the petition is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted;
>
> . . .
>
> (c) This part contemplates the filing of only one (1) petition for post-conviction relief. In no event may more than one (1) petition for post-conviction

---

[3]For example, the Rules of Criminal Procedure would permit, under Rule 11(e), disposition of the case pursuant to a plea agreement, and Rule 48 would permit dismissal of the indictment by the State and by the Court. Tenn. R. Crim. P. 48 (a), (b).

relief be filed attacking a single judgment. . . . A petitioner may move to reopen a post-conviction proceeding that has been concluded, under the limited circumstances set out in § 40-30-117.[4]

Tenn. Code Ann. § 40-30-102 (b)(2), (c) (2003).

Thus, the provisions of the DNA Analysis Act are simply an adjunct to the filing of a petition or a motion to reopen the first post-conviction petition under the general provision of Part 1 of the Post-Conviction Procedure Act. Because our supreme court's holding in *Williams* addressed a post-conviction petition under Part 1, it has no application to a petition for DNA analysis under Part 3. Accordingly, we conclude that based upon the statutory provisions of Tennessee Code Annotated section 40-30-312, a petitioner may not voluntarily dismiss his petition after the biological evidence has been submitted for forensic DNA analysis.

## CONCLUSION

Based upon the foregoing, we affirm the decision of the Franklin County Circuit Court dismissing the Appellant's post-conviction petition for DNA analysis on the merits.

_____
DAVID G. HAYES, JUDGE

---

[4]Tennessee Code Annotated section § 40-30-117 provides when a petitioner may file a motion to reopen the first post-conviction petition, including when "The claim in the motion is based upon new scientific evidence establishing that such petitioner is actually innocent of the offense or offenses for which the petitioner was convicted." Tenn. Code Ann. § 40-30-117(a)(2) (2003). A motion to reopen should be filed only under the limited circumstances set out in Tennessee Code Annotated section 40-30-117. Tenn. Sup. Ct. R 28 app. D.