IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs January 6, 2015


**MARTRELL HOLLOWAY v. STATE OF TENNESSEE**


**Appeal from the Criminal Court for Shelby County**
**Nos. 12-05320; 12-05321; 12-05322      J. Robert Carter, Jr., Judge**

_____


**No. W2014-00836-CCA-R3-PC  - Filed January 9, 2015**

_____


Petitioner, Martrell Holloway, appeals the summary dismissal of his second petition for post-conviction relief, which was filed during the statute of limitations period but after he previously withdrew his first petition before an evidentiary hearing was held.  The post-conviction court concluded that petitioner had waived the claims because they were the same as those contained in the first petition.  In its brief, the State conceded that the post-conviction court committed reversible error in doing so.  Following our review, we conclude that the doctrine of waiver does not preclude petitioner from seeking post-conviction relief in this subsequent petition and reverse the judgment of the post-conviction court.


**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed;**
**Case Remanded**


ROGER A. PAGE, J., delivered the opinion of the court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined.


Martrell Holloway, Whiteville, Tennessee, Pro Se.


Herbert H. Slatery III, Attorney General and Reporter; Sophia S. Lee, Senior Counsel; and Amy P. Weirich, District Attorney General, for the appellee, State of Tennessee.


**OPINION**


Petitioner argues that the post-conviction court erred by summarily dismissing his second petition for post-conviction relief on the basis that it contained the same allegations as the first petition.  The State concedes that the post-conviction court erred by applying the doctrine of waiver to petitioner's case because petitioner filed his second petition within the statute of limitations and because the claims in petitioner's first petition had not been adjudicated at a hearing.  We agree.

## I. Procedural History

The record reflects that on April 29, 2013, petitioner entered guilty pleas to two counts of especially aggravated kidnapping, one count of especially aggravated robbery, and three counts of aggravated robbery, for which he received an effective eighteen-year sentence. Thereafter, he filed a timely petition for post-conviction relief in September 2013, for which the post-conviction court appointed counsel. Petitioner subsequently withdrew his petition for relief on November 15, 2013, prior to an evidentiary hearing being conducted.

Petitioner filed a second, but still timely, petition for post-conviction relief on March 20, 2014, alleging nine specific instances of ineffective assistance of counsel. The post-conviction court summarily dismissed the petition, stating that "[t]he grounds contained in the new [p]etition are essentially the same as the grounds in his original [p]etition and are, therefore, waived." The court further noted, "No reason has been given for simply refiling his [p]etition." It is from this order of dismissal that petitioner now appeals.

## II. Analysis

Following a judgment of conviction, a petitioner may pursue relief from his conviction and/or sentence by demonstrating that his or her "conviction or sentence is void or voidable because of the abridgement of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103. As it relates to this case, "a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part . . . within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred." *Id.* § 40-30-102(a). A "petitioner may withdraw a petition at any time *prior to the hearing* without prejudice to any rights to refile, but the withdrawn petition shall not toll the statute of limitations set forth in § 40-30-102." *Id.* § 40-30-109(c) (emphasis added); *see also id.* § 40-30-102(c) ("If a prior petition has been filed *which was resolved on the merits* by a court of competent jurisdiction, any second or subsequent petition shall be summarily dismissed." (emphasis added)).

In this case, after voluntarily withdrawing his first petition for relief, petitioner filed a timely second petition for post-conviction relief. The second petition did not run afoul of the statute of limitations. Moreover, the allegations contained in his first petition were not resolved on the merits in a hearing. Thus, the first petition was withdrawn without prejudice to petitioner's right to refile.

With respect to waiver of a second petition for post-conviction relief, our supreme court has stated "that waiver under the post-conviction statute does not occur until there has been a hearing on the merits and the issues raised in the petition have been 'adjudicated.'"

*Williams v. State*, 831 S.W.2d 281, 282 (Tenn. 1992); *see Albert v. State,* 813 S.W.2d 426, 428 (Tenn. 1991) (holding that when a petition is voluntarily withdrawn before an evidentiary hearing, a finding of waiver was improper because there had been "no proceeding before a court at which the grounds alleged could have been presented"). In this case, the doctrine of waiver does not bar petitioner's second timely-filed petition for post-conviction relief. Accordingly, we reverse the judgment of the post-conviction court.

## CONCLUSION

Based on our review of the record, the briefs of the parties, and the applicable legal authorities, we reverse the judgment of the post-conviction court and remand for further proceedings consistent with this opinion.

_____
ROGER A. PAGE, JUDGE