IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs September 4, 2019

**KELVIN BROWN v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. 16-04431          J. Robert Carter, Jr., Judge**

_____

**No. W2019-00054-CCA-R3-PC**

_____

Kelvin Brown, Petitioner, filed a pro se Petition for Post-Conviction Relief ("the Second Petition"). The post-conviction court summarily denied the Second Petition, finding that Petitioner had previously filed a Petition for Post-Conviction Relief ("the First Petition"); that counsel had been appointed for Petitioner; and that Petitioner appeared at an evidentiary hearing with counsel and withdrew the First Petition after specifically being warned by the court that "any dismissal would be with prejudice." Petitioner appealed, claiming the post-conviction court erred in summarily dismissing the Second Petition. Discerning no error, we affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and TIMOTHY L. EASTER, JJ., joined.

Kelvin Brown, Whiteville, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; Katharine K. Decker, Assistant Attorney General; Amy P. Weirich, District Attorney General; and Nicole Germain, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**Factual and Procedural Background**

The Shelby County Grand Jury indicted Petitioner in Case No. 16-04431 for first degree premeditated murder. On April 26, 2017, Petitioner pled guilty to second degree

murder and was sentenced to twenty years' incarceration.  The First Petition was filed on June 12, 2017.[1]

On September 18, 2017, post-conviction counsel and Petitioner appeared in court. Post-conviction counsel announced: "Your Honor, I've spoken to [Petitioner] and I believe that today we're going to withdraw the post-conviction petition.  So[,] if we could voir dire him."  After Petitioner was sworn, the following dialogue took place:

> THE COURT: All right.  [Petitioner], you filed a petition for post-conviction relief.  I filed a preliminary order saying that, you know, you're entitled to a hearing if you wanted it.  I appointed an attorney for you and your attorney will be glad to amend the petition and get it in order and we could have a hearing.  But the attorney is telling me now that you would -- you don't want to go forward with this post-conviction petition; is that right?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: You understand that if you were to win, in other words, all it does is put you back in a position of ready to go to trial.  Is that your understanding?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: You understand when you withdraw this petition that you can't change your mind and refile it.  It's already passed the one year time or even if it isn't[,] this is a waiver of your post-conviction.  In other words, you know -- is that what you want to do?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: Did you talk it over with your attorney before you made this decision?
>
> [PETITIONER]: Yes, sir.
>
> THE COURT: Is it your decision?

---

[1] The First Petition is not included in the appellate record.

- 2 -

[PETITIONER]: Yes, sir.

THE COURT: Do you have any questions of me?

[PETITIONER]: No, sir.

THE COURT: All right. [Petitioner], I'll sign this order letting you withdraw it. I'm going to also sign the order transporting you back.

[PETITIONER]: Thank you, sir.

On the same day as the hearing, the court entered an order, which provided:

The following action or change of status is hereby ordered that the Petitioner's Petition for Post-Conviction Relief has been freely, knowingly, voluntarily and intelligently withdrawn for the following reasons: The Petitioner, after consulting with [post-conviction] counsel [] was made privy to the remedy if post-conviction relief were to be granted. More specifically, that the Petitioner's guilty plea would be set aside, that the State would pursue a first degree murder charge against that Petition, that the matter would be set for trial with no guarantee to the Petitioner of the potential jury verdict. Because it is likely that a trial would result in a conviction, the Petitioner has decided not to pursue post-conviction relief.

Immediately below the above typed portion of the order, the following was handwritten: "The Petition is withdrawn with prejudice – not to be refiled."

The Second Petition was filed in May, 2018.[2] Because the Second Petition was delivered to prison authorities and mailed on May 25, 2018, the Second Petition is considered timely filed within twelve months of the April 26, 2017 judgment becoming final. *See* Tenn. Sup. Ct. R. 28 § 2(G).

On July 23, 2018, the post-conviction court entered an order summarily dismissing the Second Petition. The order provided in pertinent part:

On June 12, 2017, Petitioner filed [the First Petition]. Counsel was appointed, [the First Petition] was amended[,] and the matter was set for an evidentiary hearing.

---

[2] Only "2018 May" is legible on the file-stamp of the Criminal Court Clerk. Petitioner signed the Second Petition on May 25, 2018.

- 3 -

On September 18, 2017, Petitioner appeared in court with his attorney and withdrew [the First Petition]. Petitioner was advised of his rights to proceed and specifically warned that any dismissal would be "with prejudice."

A copy of the Order is attached hereto as "Exhibit 1[.]"

Petitioner now files [the Second Petition] (May 30, 2018). In his petition, on page 5, when asked by the form whether any other "petition, application or motion" had been filed, petitioner replied, "N/A."

A review of the transcript of the court proceedings in (Exhibit 2)[,] in which Petitioner withdrew his original petition[,] clearly shows that Petitioner was aware that he would not be allowed to "re-file" his petition. The allegations in the petition are waived as a result of Petitioner's knowing decision to withdraw his claims before this court. *Albert v. State of Tennessee*, 813 S.W.2d 426 (Tenn. 1991)[.][3] The waiver was made with the advice of counsel and sworn under oath in court.

After the post-conviction court dismissed the Second Petition, Petitioner filed a motion to reconsider asking the court to vacate the order dismissing the Second Petition. The motion claimed that "the first petition should have been dismissed 'without prejudice' in accordance with T[ennessee] C[ode] A[nnotated section] 40-30-109, which guarantees Petitioner a right to refile if such petition is refiled within the applicable statute of limitations[.]" The September 19, 2018 order denying the motion to reconsider provided in pertinent part:

Petitioner filed [the First Petition]. Counsel was appointed, the petition was amended and *set for an evidentiary hearing*. On September 18, 2017[,] Petitioner appeared in open court and *advised the court that he wanted to withdraw the petition*.

Petitioner was *advised that his withdrawal of the petition would be "with prejudice."* This was done in open court and with the advice of counsel. (Emphasis added).

_____

[3] *Albert* was governed by the now repealed Post-Conviction Act, Tennessee Code Annotated sections 40-30-101-124 (1990). "Under prior law, a trial court could permit a petitioner to withdraw a post-conviction petition at any time prior to entry of a judgment." *Chad Howard Brooks v. State*, No. E2008-00084-CCA-R3-PC, 2010 WL 960330, at *2 (Tenn. Crim. App. Mar. 17, 2010).

Petitioner's notice of appeal was signed and mailed on January 30, 2019, and was received and filed by the Appellate Court Clerk on February 7, 2019.

## Analysis

On appeal, Petitioner claims that the post-conviction court erred in summarily dismissing the Second Petition "without appointing counsel to represent him" and "without affording him a full and fair evidentiary hearing." Petitioner argues that the order dismissing the First Petition with prejudice "was in direct contravention to Tennessee State Law, was void on its face 'ab initio,' and was a violation of due process," because Tennessee Code Annotated section 40-30-109(c) allowed him to withdraw his petition at any time prior to the hearing without prejudice to any rights to refile.

The State in error argues that the appeal should be dismissed because Petitioner "failed to timely file his notice of appeal and does not seek waiver of timely filing in the interest of justice." Petitioner did seek waiver, and this court waived the timely filing of the notice of appeal by order entered January 15, 2019. The State also argues that the post-conviction court properly dismissed the Second Petition because Petitioner waived his right to post-conviction review by agreeing to the withdrawal of the First Petition with prejudice. We agree that the post-conviction court properly dismissed the Second Petition.

Tennessee Code Annotated section 40-30-109(c) allows a petitioner to "withdraw a petition at *any time prior to the hearing* without prejudice to any rights to refile[.]" Tenn. Code Ann. § 40-30-109(c) (emphasis added). In the September 19, 2018 order denying the motion to reconsider, the post-conviction court stated: "Petitioner filed [the First Petition]. Counsel was appointed, the petition was amended and *set for an evidentiary hearing*." (emphasis added). On appeal, Petitioner does not argue that he withdrew the First Petition "prior to the hearing." Instead, Petitioner claims the post-conviction court was without subject matter and personal jurisdiction to enter the order dismissing the First Petition with prejudice, and therefore, the post-conviction court's order was void.

Petitioner has the burden of preparing an adequate record on appeal. *See State v. Ballard*, 855 S.W.2d 557, 560 (Tenn. 1993). Without an adequate record or some type of proof that he withdrew the First Petition prior to the evidentiary hearing, we must presume that the ruling of the post-conviction court was correct. *State v. Troutman*, 979 S.W.2d 271, 274 (Tenn. 1998). We, therefore, presume that post-conviction court correctly warned Petitioner *at the evidentiary hearing* that if he withdrew the First Petition that it would be with prejudice. "Courts have long recognized the right of

competent defendants to make decisions concerning their available legal remedies." *Pike v. State*, 164 S.W.3d 257, 262 (Tenn. 2005). A petitioner may knowingly and voluntarily waive his or her right to post-conviction review. *Serrano v. State*, 133 S.W.3d 599, 604 (Tenn. 2004). Because Petitioner withdrew the First Petition at the hearing, *not prior*, he does not have a right to refile under to Tennessee Code Annotated section 40-30-109(c) (2018).

## Conclusion

The judgment of the post-conviction court summarily dismissing the Second Petition is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE